IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SHAWNA L. FENISON, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | Case No.  1:22-cv-02891-CKK |
| v. ) | |
| ) | |
| THE ISLAMIC REPUBLIC OF IRAN, *et al.*, ) | |
| ) | |
| Defendants. ) | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**PLAINTIFFS' STATUS REPORT**

Plaintiffs, hereby file this Status Report setting forth a proposed course of action for the resolution of Plaintiffs' claims against the Islamic Republic of Iran and the Syrian Arab Republic.

**I.      Summary of Proceedings**

Plaintiffs filed a Complaint against the Islamic Republic of Iran ("Iran") and the Syrian Arab Republic ("Syria") on September 23, 2022.  ECF No. 1.  On March 6, 2023, service was completed on Defendant Iran, and on May 21, 2023, service was completed on Defendant Syria. ECF Nos. 18 20, 24 & 25.  The Foreign Sovereign Immunities Act ("FSIA"), 28 U.S.C. § 1608(a), provides for service over a foreign sovereign and its political subdivisions in one of four ways. The first two methods, (1) "special arrangement for service between the plaintiff and the foreign state," and (2) "in accordance with an applicable international convention on service of judicial documents," were unavailable here.

As a result, Plaintiffs attempted service under 1608(a)(3) which required service "by sending a copy of the summons and complaint and a notice of suit, together with a translation of each into the official language of the foreign state, by any form of mail requiring a signed receipt, to be addressed and dispatched by the clerk of the court to the head of the ministry of foreign

affairs of the foreign state concerned." 28 U.S.C. § 1608(a)(3). Plaintiffs notified the Court that mailings were returned as undeliverable as to both Iran and Syria on November 18, 2022. ECF No. 12 & 14.  Since Plaintiffs were unable to effect service under 1608(a)(3), Plaintiffs turned to 1608(a)(4) to serve Defendants through diplomatic channels via the United States State Department.  The Clerk transmitted the papers to the State Department on December 22, 2022. ECF Nos. 13 & 15.

On April 12, 2023, the State Department filed with the Clerk of Court a letter attesting to the transmission of the required papers through diplomatic channels on Defendant Iran on March 6, 2023. ECF No. 20.  On July 13, 2023, the State Department filed with the Clerk of Court a letter affirming transmission of the required papers through diplomatic channels on Defendant Syria on May 21, 2023.  ECF No. 25.

Accordingly, the requirements for service on Defendants Iran and Syria under the FSIA were satisfied.  Pursuant to 28 U.S.C. § 1608(d), the Defendant had sixty days after service was affected to answer or otherwise respond. The time for Iran lapsed on May 5, 2023, and for Syria, on July 20, 2023. Both Iran and Syria failed to respond to the Complaint or otherwise plead.

Plaintiffs now submit this status report to recommend a procedure for resolving the pending claims against Iran and Syria, pursuant to the Court's order of February 23, 2024.

**II.    Recommended Procedure for Resolving Plaintiffs' Claims Against Iran and Syria**

Both Iran and Syria have a long and established history of providing material aid and support to terrorist organizations including al-Qaeda. *Parhamovich v. Islamic Republic of Iran*, No. 17-cv-61 (D.D.C. 2022).  Plaintiffs recognize, however, that entry of default judgment is not automatic, and they must establish the linkage between attacks and the Iranian and Syrian roles in the attacks to the satisfaction of the court.  This "satisfactory" evidence standard can typically be

met through "unconverted factual allegations" supported by "document and affidavit evidence." *Valore v. Islamic Republic of Iran*, 700 F. Supp. 2d 52, 59 (D.D.C. 2010). In default judgment cases, Plaintiffs may present this evidence in the form of affidavits. *Moradi v. Islamic Republic of Iran*, 77 F 77 F. Supp. 3d 57, 65 (D.D.C. 2015); *Reed v. Islamic Republic of Iran*, 845 F. Supp. 2d 204, 211 (D.D.C. 2012). Further, courts may take judicial notice of evidence presented in earlier litigation without necessitating the formality of having that evidence reproduced. *Fain v. Islamic Republic of Iran*, 856 F. Supp. 2d 109, 116 (D.D.C. 2012).

Plaintiffs will submit a motion for default judgment together with documentary evidence and an expert report establishing both Iran and Syria's liability under 1605A for the attacks at issue in the Complaint. Plaintiffs intend for their submitted evidence and comprehensive expert report to meet the satisfactory evidence standard so that an evidentiary hearing would not be required. *See Reed v. Islamic Republic of Iran*, 845 F. Supp. 2d 204, 212 (D.D.C. 2012) (finding that an evidentiary hearing is not required as a "plaintiff may establish proof by affidavit").

### III. Schedule for Submission of Evidence

Plaintiffs intend to submit sworn declaration testimony in support of their claims, including but not limited to proof as to Plaintiffs' U.S. citizenship, medical records, and any records produced about the attack by their military units. Plaintiffs submitted FOIA requests to two different military units in which the victims served, U.S. Army Central and the U.S. Marine Corps. Plaintiffs received a production of records from U.S. Army Central with casualty reports for a plaintiff. The FOIA request to the U.S. Marine Corps was unsuccessful. Plaintiffs further submitted FOIA requests to the National Personnel Records Center and obtained medical records for a plaintiff from the base hospital and at Landstuhl Germany. Plaintiffs further discovered a Wikileaks Sigact report for one of the attacks demonstrating that the military has records of the

attack, despite the unsuccessful FOIA requests. Therefore, Plaintiffs recently submitted another FOIA request to U.S. Central Comm for direct evidence of the attack. Once FOIA production is complete, Plaintiffs will be working closely with the expert witness to produce an expert report. Plaintiffs are working diligently to get these declarations completed, reports produced, and their motion and memorandum or default judgment filed in a timely manner.  Counsel recently discovered the lead named plaintiff in this case is also a named plaintiff in another case pending before this Court, represented by a different attorney, with the same legal claims against the same defendants.  The plaintiff will voluntarily dismiss her claims without prejudice in this case and continue pursuing the other case matter.  Counsel will file an amended complaint following the voluntarily dismissal of her claims.

Dated: April 1, 2024                                                                                  Respectfully Submitted,

/s/ Joshua M. Ambush
Joshua M. Ambush (Bar No. MD27025)
Law Offices of Joshua M. Ambush, LLC
106 Old Court Road, Suite 303
Baltimore, Maryland 21208
Phone: (410) 484-2070
Facsimile: (410) 484-9330
Email: joshua@ambushlaw.com
*Counsel for Plaintiffs*